ORIGINAL

# In The United States Court of Federal Claims

No. 14-201C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: March 12, 2014)

**FILED**

MAR 1 2 2014

U.S. COURT OF
FEDERAL CLAIMS

DAVIE HARRISON, SR., *pro se*,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

## OPINION and ORDER

On March 10, 2014, Davie Harrison, Sr. (plaintiff) filed a complaint in the form of petition for a writ of habeas corpus to the United States District Court for the Eastern District of Texas and the United States Court of Appeals for the Fifth Circuit. The complaint challenges decision of the Texas Board of Pardons and Parole to deny plaintiff supervised release from the Texas prison in which he was serving sentences following his convictions on multiple state law offense. It further asks this court to review the denial of a habeas petition by the aforementioned Federal courts.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court does not have jurisdiction to consider a petition for a writ of

habeas corpus. *See* 28 U.S.C. § 2241(a); *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); *Beale v. United States*, 69 Fed. Cl. 234, 236 (2005). This court, moreover, lacks the authority to review another Federal court's decision denying such a petition. *See Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd*, 277 Fed. App'x 985 (Fed. Cir. 2008); *Dethlefs v. United States*, 60 Fed. Cl. 810, 814 (2004); *see generally U.S. Bancorp. Mort. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27 (1994). Nor does this court independently have jurisdiction to consider collateral attacks on a criminal conviction, *see Carter v. United States*, 228 Ct. Cl. 898, 900 (1981), or to handle claims against state agencies or officials for actions not attributable to the United States, *see* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the United States Court of Federal Claims to claims "against the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (concluding that the court's jurisdiction does not extend to suits against individual officials); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997) (holding that the actions of state officials were not attributable to the United States).

Accordingly, this Court lacks jurisdiction over any of the claims raised by plaintiff. The Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge